PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MATTHEW BORDERS, | ) | CASE NO. 4:11CV01514 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HARLEY J. LAPPIN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Joseph M. Borders filed this action against United States Bureau of

Prisons ("BOP") Director Harley J. Lappin, Elkton Federal Correctional Institution ("FCI-

Elkton") Warden John T. Shartle, FCI-Elkton Nurse S. Kennedy, FCI-Elkton Physicians

Assistant Wayne Flatt, Dr. Richard Goldstein, and John/Jane Does. ECF No. 1.  In the

Complaint, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical

needs. ECF No. 1 at 6-7.  He seeks monetary and injunctive relief. ECF No. 1 at 7.

### I. Background

Plaintiff and another inmate at FCI-Elkton engaged in a physical altercation on October

29, 2008 sometime after the 9:30 p.m. count. ECF No. 1 at 3.  The following morning, a

corrections counselor noticed Plaintiff's facial injuries and escorted him to a lieutenant's office

where photos were taken of the injuries. ECF No. 1 at 3.  Plaintiff was then taken to the medical

department where he was evaluated by Nurse Kennedy and PA Flatt. ECF No. 1 at 3.  Plaintiff

informed them that he was in a great deal of pain from his "obvious[ly] broken nose." ECF No.

1 at 3.  He contends Kennedy and Flatt did not treat his injuries. ECF No. 1 at 3.

Shortly after his medical appointment, Plaintiff was escorted to the segregation unit

(4:11CV01514)

where he remained for the next eighty-nine (89) days.  ECF No. 1 at 3-4.  In that time period, he

repeatedly requested medical treatment for his "crooked" nose and persistent pain.  ECF No. 1 at

4.  He indicates that he did not receive any treatment for his injuries.  ECF No. 1 at 4.

Plaintiff sought treatment from the medical department upon his release from segregation.

PA Ward filed paperwork on his behalf to authorize surgery.  ECF No. 1 at 4.  The request was

initially approved but was rejected at the Regional level nearly a year after the request was

submitted.  Plaintiff states he experienced increased discomfort and difficulty breathing from his

obstructed nasal passages.  ECF No. 1 at 4.  He filed a BP-8 Informal Resolution form again

requesting approval for surgery.  ECF No. 1 at 4.  This time, his request was granted.  ECF No. 1

at 4.

On March 3, 2010, Plaintiff underwent corrective surgery to mend his broken nose.  ECF

No. 1 at 4.  The operation was conducted at a facility in Boardman, Ohio by Dr. Richard

Goldstein.  ECF No. 1 at 4.  Plastic tubes were inserted into Plaintiff's nose and packed with

gauze to facilitate breathing during the healing process.  ECF No. 1 at 4-5.  Instead, his nasal

passages became more restricted and Plaintiff found it more difficult to breathe.  ECF No. 1 at 5.

He began to experience panic attacks and he was prescribed an anti-anxiety medication.  ECF

No. 1 at 5.  The medication only made breathing more difficult for him.  ECF No. 1 at 5.

Eventually the tubes and gauze were removed.  ECF No. 1 at 5.  Plaintiff alleges his nose is still

disjointed, and his nasal passages are still restricted.  ECF No. 1 at 5.  He contends the surgery

was a complete failure.  ECF No. 1 at 5.

Plaintiff's Complaint contains three claims for relief.  First, he asserts that Defendants

(4:11CV01514)

were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

ECF No. 1 at 6-7. Second, he contends that Defendants were negligent in providing care for his

injuries. ECF No. 1 at 6-7. Plaintiff also indicates that he has filed an administrative remedy

form under the Federal Tort Claims Act ("FTCA"). ECF No. 1 at 5, 6-7. The Court liberally

construes his Complaint as asserting a claim under the FTCA. Finally, Plaintiff includes a

negligence claim against the Dr. Goldstein, the doctor who operated on his nose. ECF No. 1 at 6.

The Court liberally construes the claim against Dr. Goldstein as a medical malpractice claim.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a

claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or

fact when it is premised on an indisputably meritless legal theory or when the factual contentions

are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which

relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*,

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11CV01514)

550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim

showing that the pleader is entitled to relief."  Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949 (2009).

The factual allegations in the pleading must be sufficient to raise the right to relief above the

speculative level on the assumption that all the allegations in the Complaint are true.  Bell Atl.

Corp., 550 U.S. at 555.  The Plaintiff is not required to include detailed factual allegations, but

must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."

Iqbal, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the

elements of a cause of action will not meet this pleading standard.  Id.  In reviewing a Complaint,

the Court must construe the pleading in the light most favorable to the Plaintiff.  Bibbo v. Dean

Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

### III.  Law and Analysis

#### A.  Eighth Amendment

Prison officials may not deprive inmates of "the minimal civilized measure of life's

necessities."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The Supreme Court in Wilson v.

Seiter, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether

certain conditions of confinement constitute cruel and unusual punishment prohibited by the

Eighth Amendment.  A plaintiff must first plead facts which, if true, establish that a sufficiently

serious deprivation has occurred.  Id.  Seriousness is measured in response to "contemporary

standards of decency."  Hudson v. McMillian, 503 U.S. 1, 8 (1992).  Routine discomforts of

prison life do not suffice.  Id.  Only deliberate indifference to serious medical needs or extreme

deprivations regarding the conditions of confinement will implicate the protections of the Eighth

4

(4:11CV01514)

Amendment.  *Id.* at 9.  Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind.  *Id.*  Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error.  *Whitley v. Albers*, 475 U.S. 312, 319 (1986).  Liability cannot be predicated solely on negligence.  *Id.*  A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

While Plaintiff arguably established that an sufficiently serious deprivation occurred to satisfy the objective component of his claim, he has not established that all of the Defendants named herein acted with a sufficiently culpable mental state.  An official acts with deliberate indifference when he acts with criminal recklessness, a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm.  *Id.* at 837.  Mere negligence will not suffice.  *Id.* at 835-36.  Moreover, to hold a particular Defendant liable for damages, Plaintiff must show that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

Plaintiff alleges that Nurse Kennedy and PA Flatt examined his "obvious[ly] broken nose" but did not provide treatment.  ECF No. 1 at 3.  This allegation is sufficient to suggest deliberate indifference to serious medical needs to satisfy the pleading requirement of an Eighth Amendment claim against Kennedy and Flatt.

Neither Harley Lappin nor John Shartle, however, are mentioned in the body of the Complaint.  It does not appear they had any role in the medical care Plaintiff received.  In fact, it

5

(4:11CV01514)

appears they were named as Defendants solely because they supervise or employ others did make those kinds of decisions for the Plaintiff.

Liability in a civil rights action cannot attach where the claim is based is based upon a mere failure to act or a failure to properly supervise employees. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir.1999) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior to be held liable for damages. *Id*. In order for liability to attach to Lappin or Shartle, Plaintiff must prove that these Defendants did more than play a passive role in the alleged violations or show mere tacit approval of the actions of their employees. *Id*. Plaintiff must show that the supervisors somehow encouraged or condoned these actions. *Id*.; *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995). There are no allegations in the Complaint that suggest the BOP Director or the FCI-Elkton Warden had a role in making medical decisions pertaining to Plaintiff's care.

Dr. Goldstein cannot be held liable for violations of the Eighth Amendment. *Bivens* provides a cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001). Dr. Goldstein does not appear to be a federal officer. Plaintiff indicates he is surgeon practicing at a facility in Boardman, Ohio. *Bivens* does not provide a cause of action against private parties. *Id*.

### B. Medical Malpractice

While negligence will not support an Eighth Amendment claim against Dr. Goldstein, it

6

(4:11CV01514)

will support a state tort law claim for medical malpractice.  In order to establish medical malpractice, it must be shown that the injury in question was caused by the doing of some particular thing that a physician or surgeon of ordinary skill, care and diligence would not have done under like or similar conditions or circumstances.  *Bruni v. Tatsumi*, 46 Ohio St. 2d 127, 130-132 (1976); *see Mooney v. Cleveland Clinic Foundation*, 65 F.Supp.2d 682, 684-85 (N.D. Ohio 1999).  Plaintiff, however, does not allege that Dr. Goldstein caused him injury.  He merely alleges that the surgeon was not successful in reversing the effects of an injury he had already received.  Plaintiff has not alleged sufficient facts to establish a plausible medical malpractice claim.  *Iqbal*, 129 S.Ct. at 1949.

### C.  Federal Tort Claims Act

Finally, Plaintiff indicates he filed a claim for administrative relief under the Federal Tort Claims Act ("FTCA").  An action may be instituted under the FTCA against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment.  28 U.S.C.A. § 2675(a).  The claimant, however, must first present the claim to the appropriate Federal agency and his claim must be finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of the FTCA.  28 U.S.C.A. § 2675(a).

There is no indication that Plaintiff's claim has been finally denied by the agency.  The FTCA administrative form attached to the Complaint is not dated.  There is no indication of

(4:11CV01514)

whether it is still pending, or how long it has been pending.  Absent this information, the Court

cannot determine if his claim is ripe for adjudication.  Therefore, it appears that Plaintiff's claim

for relief under the FTCA may be premature.

### IV.  Conclusion

Based upon the above analysis, Plaintiff's Eighth Amendment claims against Harley

Lappin, John Shartle, and Dr. Goldstein, and his medical malpractice claim against Dr. Goldstein

are dismissed.  Due to the uncertain status of Plaintiff's claims for relief under the  Federal Tort

Claims Act, those claims are dismissed without prejudice.  The Court certifies, pursuant to 28

U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]  This

case shall proceed solely on Plaintiff's Eighth Amendment claims against Nurse S. Kennedy and

PA Wayne Flatt.  The Clerk's Office is directed to forward the appropriate documents to the U.S.

Marshal for service of process and shall include a copy of this order in the documents to be

served upon these two Defendants.


IT IS SO ORDERED.



December 9, 2011                          /s/ Benita Y. Pearson
Date                                      Benita Y. Pearson
                                          United States District Judge


_____

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the
trial court certifies that it is not taken in good faith."

8