PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MATTHEW BORDERS, Plaintiff, v. HARLEY J. LAPPIN, *et al.*, Defendants. | ) | CASE NO. 4:11CV01514 JUDGE BENITA Y. PEARSON **MEMORANDUM OF OPINION AND ORDER** (Resolving ECF Nos. 3, 9) |

*Pro se* Plaintiff Joseph M. Borders has filed a Motion for Appointment of Counsel (ECF No. 3), a Motion for Reconsideration (ECF No. 9), and a Motion to Supplement the Record (ECF No. 9). For the following reasons, the Motion for Appointment of Counsel is denied without prejudice; and the Motion for Reconsideration and Motion to Supplement Record is granted.

**I. Background**

Plaintiff filed this action against United States Bureau of Prisons ("BOP") Director Harley J. Lappin, Elkton Federal Correctional Institution ("FCI-Elkton") Warden John T. Shartle, FCI-Elkton Nurse S. Kennedy, FCI-Elkton Physicians Assistant Wayne Flatt, Dr. Richard Goldstein, and John/Jane Does. ECF No. 1. In the Complaint, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs, specifically his broken nose. ECF No. 1 at 3, 6-7. Plaintiff alleged violations under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights and the Federal Tort Claims Act ("FTCA") for negligence. ECF No. 1.

Thereafter, the Court issued its Memorandum if Opinion and Order on December 9, 2011 dismissing the Eighth Amendment claims against Lappin and Shartle because the claims were based upon the doctrine of *respondeat superior*, and against Dr. Goldstein because he is a private

citizen not subject to a *Bivens* action. ECF No. 7 at 6. Plaintiff's claim under the FTCA was also dismissed as premature because Plaintiff had alleged that he filed his administrative tort claim with the BOP but had not alleged that he received an answer to his claim. ECF No. 7 at 7. The case is proceeding solely on Plaintiff's Eighth Amendment claims against Defendants Kennedy and Flatt.

Plaintiff now has filed this Motion for Reconsideration to which he attached a copy of the Bureau of Prison's final determination on his administrative tort claim dated February 3, 2011. ECF No. 9-1 at 1. Plaintiff requests that the Court reconsider its dismissal of his claim under the FTCA, and permit him to supplement his Complaint to add the United States as a party. Plaintiff has also filed a Motion for Appointment of Counsel. ECF No. 3. He contends that he has no money to hire an attorney to represent him and he has limited knowledge of the law. ECF No. 3. He indicates it will be more difficult for him to conduct discovery and present evidence at trial without an attorney. ECF No. 3. The Court will address each motion separately.

## II. Motion for Reconsideration

In the Sixth Circuit, a Motion for Reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. *Moody v. Pepsi-Cola Metro. Bottling Co.*, 915 F.2d 201, 206 (6th Cir. 1990). Federal Rule of Civil Procedure 59(e) permits a party to file a Motion to Alter or Amend a Judgment within thirty days of the date of the judgment the party seeks to alter. Fed. R. Civ. P. 59(e). The Court issued its Memorandum of Opinion and Order on December 9, 2011. ECF No. 7. Plaintiff's Motion filed on December 19, 2011 is timely. ECF No. 9.

A Court may grant a Motion to Alter or Amend a Judgment "if there is a clear error of

law, [] newly discovered evidence, [] an intervening change in controlling law, [] or to prevent manifest injustice." *Gencorp, Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Consequently, a motion under Rule 59(e) is not an opportunity to re-argue a case, *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998), nor is it a proper vehicle to "raise arguments which could, and should, have been made before judgment issued." *Id*.

Plaintiff asks the Court to reconsider dismissal of his FTCA claim as premature because he did not indicate in his pleading that he received a final determination on his administrative tort claim. ECF No. 9. He submits a copy of the final determination of his administrative claim by the Bureau of Prisons issued February 3, 2011. ECF No. 9-1. He emphasizes that he is a *pro se* litigant, and requests the opportunity to correct the omission of this information which resulted in the dismissal of his claim. ECF No. 9.

The Federal Tort Claims Act provides the exclusive jurisdictional basis for tort claims against the United States. 28 U.S.C. § 2675(a). Before a party may bring such an action, the claim must first be submitted to the proper federal agency within two years after such claim accrues or within six months after the date of mailing of notice of final denial of the claim by the agency to which it was presented. 28 U.S.C. § 2401(b). The final determination presented by Plaintiff indicates that he did indeed comply with the administrative prerequisites to filing a claim under the FTCA prior to bringing his action in this Court. ECF No. 9-1.

The Court, therefore, concludes that there is good cause to amend the judgment of December 9, 2011 to permit Plaintiff's FTCA claim to proceed to prevent a manifest injustice to occur. Therefore, the motion for reconsideration is granted as to the FTCA claim. Consequently,

the motion to supplement the record is also granted.

## III. Motion for Appointment of Counsel

Plaintiff also asks the Court to appoint counsel to represent him. ECF No. 3. Plaintiffs in civil cases have no constitutional right to appointed counsel. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir.1993). The decision to appoint counsel is at the discretion of the district court and should be granted only in exceptional circumstances. *Id*. When making this decision, a court should consider the type of the case, the complexity of the issues, and the litigant's ability to represent himself. *Id*. at 606.

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this early stage in the litigation. Further, based upon a review of the documents filed by Plaintiff thus far, it appears he is articulate and able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice to refiling a later time, should circumstances provide support.

## IV. Conclusion

For the foregoing reasons, the Court grants Plaintiff's Motion for Reconsideration and Motion to Supplement the Record. ECF No. 9. Plaintiff's cause of action under the Federal Tort Claims Act is reinstated in this case. All other portions of the Court's Memorandum of Opinion and Order of December 9, 2011 shall remain unaltered.

(4:11CV01514)

Plaintiff's request to add the United States as a Defendant is granted as well.[1] ECF No. 9 at 1. Plaintiff is ordered to provide U.S. Marshal forms and summonses for this Defendant and any other party requiring service of process of the Complaint pursuant to Fed. R. Civ. P. 4(i) within thirty (30) days of this Order. Plaintiff is further ordered to send a "Notice of Compliance," with an appropriate case caption for filing, with the completed forms. The Clerk's Office is directed to mail sufficient marshal forms and summonses to Plaintiff with a copy of this order.

Plaintiff's Motion for Appointment of Counsel is denied without prejudice. ECF No. 3. Nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

IT IS SO ORDERED.

January 6, 2012
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge

[1] The Court liberally construes Plaintiff's request to change the Defendant to the United States for this claim only. The Court further presumes that Plaintiff does not wish to dismiss Defendants Flatt and Kennedy as parties to this action.