UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MATTHEW BORDERS, | ) | Case No. 4:11CV1514 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | Magistrate Judge George J. Limbert |
| HARRY LAPPIN, et al., | ) ) | **Interim Report and Recommendation** |
| Defendants. | ) ) | |

This matter is before the Court upon the Motion to Dismiss Complaint filed on behalf of Defendant, United States of America on August 30, 2012. ECF Dkt. #28. On January 16, 2013, with leave of Court, Plaintiff, Joseph Matthew Borders, acting *pro se*, filed his response and objections to the motion to dismiss. ECF Dkt. #33. Defendant filed its reply brief on January 29, 2013. ECF Dkt. #34.

The motion seeks dismissal of Plaintiff's negligence claim filed pursuant to the Federal Tort Claims Act ("FTCA"). Defendant asserts that Plaintiff has failed to attach an affidavit of merit to his complaint as required by Ohio Rule of Civil Procedure 10(D)(2), and, as a consequence, Plaintiff's FTCA claim must be dismissed. For the reasons that follow, the undersigned recommends that the Motion to Dismiss should be granted.

I. PROCEDURAL HISTORY

Plaintiff filed this action against Harley J. Lappin, Director of the United States Bureau of Prisons ("BOP"), John T. Shartle, Warden of Elkton Federal Correctional Institution ("FCI-Elkton"), FCI-Elkton Nurse Shelley Kennedy, FCI-Elkton Physicians Assistant Gary Bullock[1], Dr. Richard Goldstein, a surgeon in private practice in Boardman, Ohio, and various John/Jane Does. ECF Dkt.

---

[1] Plaintiff filed a "limited amended complaint" for the sole purpose of correcting an error in the original pleading. ECF Dkt. #22. According to the limited amended complaint, Plaintiff mistook Gary Bullock for Wayne Flatt when he drafted his original complaint. In the limited amended complaint, Plaintiff names Gary Bullock as a defendant, and appears to dismiss his claims against Wayne Flatt. As a consequence, the undersigned, in setting forth the facts alleged in the original complaint, has replaced the allegations against Flatt with allegations against Bullock.

#1. In the Complaint, Plaintiff asserts a 42 U.S.C. §1983 claim alleging that the defendants were deliberately indifferent to his serious medical needs, specifically his broken nose, in violation of his Eighth Amendment rights. *Id.* at 3, 6-7. He also asserts a Federal Tort Claims Act ("FTCA") for negligence.[2]

On December 9, 2011, this Court dismissed the Eighth Amendment claims against Lappin and Shartle because the claims were based upon the doctrine of *respondeat superior*, and against Dr. Goldstein because he is a private citizen not subject to a *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971)[3] action. ECF Dkt. #7 at 6. Plaintiff's claim under the FTCA was dismissed without prejudice as premature because Plaintiff had alleged that he filed his administrative tort claim with the BOP but had not alleged that he received an answer to his claim. *Id.* at 7. ECF Dkt. #10. However, on January 6, 2012, the Court granted Plaintiff's motion for reconsideration[4] and reinstated Plaintiff's FTCA claim. Furthermore, on August 31, 2012, the Court granted the government's motion to substitute itself in the place and stead of Kennedy with respect to the FTCA claim. ECF Dkt. #30.

## II.   FACTS

Plaintiff and another inmate at FCI-Elkton engaged in a physical altercation on October 29, 2008 sometime after the 9:30 p.m. ECF Dkt. #1 at ¶ 10. The following morning, a corrections counselor noticed Plaintiff's facial injuries and escorted him to a lieutenant's office where photos were taken of the injuries. Plaintiff was then taken to the medical department where he was

---

[2] An action may be instituted under the FTCA against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C.A. §2675(a). The claimant, however, must first present the claim to the appropriate Federal agency and his claim must be finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of the FTCA. 28 U.S.C.A. §2675(a).

[3] *Bivens* provides a cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001).

[4] Plaintiff attached a copy of the BOP's final determination on his administrative tort claim to the motion for reconsideration.

evaluated by Kennedy and Bullock. Plaintiff informed them that he was in a great deal of pain from his "obvious[ly] 'broken' nose." *Id.* He contends that Kennedy and Bullock "ignor[ed] [his] comments and input about his injuries and pain caused by them," and that the "examination continued without any attention or credibility given to the injuries or the pain they were causing." *Id.*

Shortly after his medical appointment, Plaintiff was escorted to the segregation unit where he remained for the next eighty-nine days. *Id.* at ¶ 13. In that time period, he repeatedly requested medical treatment for his "crooked" nose and persistent pain. *Id.* He indicates that he did not receive any treatment for his injuries.

Plaintiff sought treatment from the medical department upon his release from segregation. Another physician's assistant, who is not a defendant in this case, filed paperwork on his behalf to authorize surgery. The request was initially approved but was rejected at the regional level nearly a year after the request was submitted. Plaintiff states he experienced increased discomfort and difficulty breathing from his obstructed nasal passages. He filed a BP-8 Informal Resolution form again requesting approval for surgery, which was ultimately granted. *Id.* at ¶ 15.

On March 3, 2010, Plaintiff underwent surgery to correct his broken nose. The operation was conducted at a facility in Boardman, Ohio by Dr. Goldstein. Plastic tubes were inserted into Plaintiff's nose and packed with gauze to facilitate breathing during the healing process. *Id.* at ¶ 16. Instead, his nasal passages became more restricted and Plaintiff found it more difficult to breathe. He began to experience panic attacks and he was prescribed an anti-anxiety medication. The medication only made breathing more difficult for him. *Id.* at ¶ 18. Eventually the tubes and gauze were removed. Plaintiff alleges his nose is still disjointed, and his nasal passages are still restricted. *Id.* He contends the surgery was a complete failure.

### III. STANDARD OF REVIEW

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Court must assume that the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.*, 335 Fed.Appx. 587, 588 (6th Cir.2009) (citing *Bassett v.*

-3-

*Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 332 Fed.Appx. 232, 236-37 (6th Cir.2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997)).  "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed.Appx. 994, 997 (6th Cir.2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

IV.     ANALYSIS

The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91, 61 S.Ct. 767 (1941). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976). Congress defined the exact terms and conditions upon which the government may be sued and the terms of the United States' consent define the parameters of federal court jurisdiction to entertain suits brought against the United States. *United States v. Orleans*, 425 U.S. at 814; *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967).

> The Federal Tort Claims Act (hereinafter "FTCA") provides the following, in relevant part:
>
> [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Accordingly, "liability on the part of the federal government under the [FTCA] is determined in accordance with the law of the state where the event giving rise to liability

occurred." *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir.1995). When applying state law, federal courts apply state substantive law and federal procedural law. See, e.g., *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (federal courts must apply state substantive law and federal procedural law while sitting in diversity jurisdiction); *Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (federal courts must apply state substantive law and federal procedural law while sitting in pendent jurisdiction).

A substantive state law is a law that "gives rise to 'state-created rights and obligations' or is otherwise 'bound up with these rights and obligations in such a way that its application to federal court is required.' " *Shropshire v. Laidlaw Transit, Inc.*, 550 F.3d 570, 574 (6th Cir.2008) (quoting *Byrd v. Blue Ridge Rural Elec. Co-op.*, 356 U.S. 525, 535, 78 S.Ct. 893, 2 L.Ed.2d 953 (1958)). A law is substantive if it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." *Hanna v. Plumer*, 380 U.S. 460, 466, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The outcome-determinative test must be read with "reference to the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." Id. at 468, 85 S.Ct. 1136.

Defendant argues that Ohio Rule of Civil Procedure 10(D)(2) (hereinafter the "Ohio rule") is substantive law and should be applied in this case. The Ohio rule provides in relevant part:

> (a) Except as provided in division (D)(2)(b) of this rule, a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability. Affidavits of merit shall be provided by an expert witness pursuant to Rules 601(D) and 702 of the Ohio Rules of Evidence. Affidavits of merit shall include all of the following:
>
>> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>>
>> (ii) A statement that the affiant is familiar with the applicable standard of care;
>>
>> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff ....

> (d) An affidavit of merit is required to establish the adequacy of the complaint and shall not otherwise be admissible as evidence or used for purposes of impeachment. Any dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits.

Defendant argues that the Ohio rule is substantive because if it is not applied, the federal government would be exposed to liability in the federal courts when a cause of action involving similar conduct would be dismissed in a diversity case or a state court action, thus the rule is outcome-determinative. See, e.g., *Nicholson v. Catholic Health Partners*, No. 4:08 CV 2410, 2009 WL 700768 (N.D.Ohio March 13, 2009) (Economus, J.)(finding the Ohio rule to be a substantive rule of law in a diversity case). Defendant also argues that the purpose of the Ohio rule is not merely procedural, as the Ohio Supreme Court has held that its purpose is "to deter the filing of frivolous medical-malpractice claims" and that compliance with the rule is required "to establish the adequacy of the complaint." *Fletcher v. Univ. Hosp. of Cleveland*, 120 Ohio St.3d 167, 897 N.E.2d 147, 149 (2008).

Under the FTCA, substantive state law applies to determine liability. *Young*, 71 F.3d at 1242. Applying the test set forth in *Hanna*, the Ohio rule would be controlling if this action was filed in the Ohio state courts, that is, the action would be dismissed because a complaint for medical malpractice cannot state a claim under Ohio law unless an affidavit of merit supports the claim. Disregarding the Ohio rule in this case would significantly affect the result of the litigation as Plaintiff would be permitted to proceed in the action without meeting this threshold requirement. Moreover, although forum-shopping is not a concern in this case (as Plaintiff has only one forum), allowing Plaintiff to proceed would be an inequitable administration of the laws. The Ohio rule is therefore substantive because it is outcome-determinative and it must be applied in FTCA actions. Accordingly, the undersigned recommends that the Court find that Plaintiff's claim must fail because a private person would not be liable to Plaintiff if he filed this suit in the Ohio courts and failed to comply with the Ohio rule. See 28 U.S.C. §1346(b)(1).

Although the Sixth Circuit has not yet addressed this issue, several Courts of Appeal agree that similar state rules of procedure operate as substantive law under the FTCA. See *Cestnik v. Fed. Bureau of Prisons*, 84 Fed.Appx. 51, 53-54 (10th Cir.2003) ("When a plaintiff brings suit against

the United States under the FTCA, state substantive law applies. We have held Colorado's requirement of this certificate [of merit] to be a substantive, rather than procedural, rule of law. As such, it is applicable to Mr. Cestnik's FTCA claims, even though he is proceeding pro se." (internal citations omitted)); *Bramson v. Sulayman*, 251 Fed.Appx. 84, 87 n. 2 (3d Cir.2007) ("The affidavit of merit requirement applies to malpractice claims under New Jersey law in federal court. See *Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir.2002). Chamberlain was a diversity jurisdiction case, but the FTCA, under which the District Court had jurisdiction here, also requires the application of state law."). See also *Mathison v. United States*, 44 Fed.Appx. 27, 29 (8th Cir.2002) (applying a similar Minnesota statute to claims under the FTCA).

Likewise, several district courts have also examined the application of similar statutes to the FTCA and have reached the same conclusion. See, e.g., *Luckett v. United States*, No. 08-CV-13775, 2009 WL 1856417, at *5 (E.D.Mich. June 29, 2009) ("Under the FTCA, the law of the place where the alleged act or omission occurred is to be applied; therefore, Michigan law applies in the instant case. Under Michigan law, initiation of a medical malpractice action requires that the plaintiff file a complaint and an affidavit of merit." (internal citations omitted)); *Lopez v. Brady*, No. 4:CV-07-1126, 2008 WL 4415585 (M.D.Pa. Sept. 25, 2008) ("Courts within this circuit have recognized that Rule 1042.3 [which requires an affidavit of merit] is substantive law and should be applied by federal courts sitting in diversity. It has also been held that a Plaintiff pursuing an FTCA claim must comply with Pennsylvania substantive law." (internal citations omitted)); *Stanley v. United States*, 321 F.Supp.2d 805, 807 (N.D.W.Va.2004) (holding that statute requiring a screening certificate of merit as a prerequisite to medical malpractice actions is substantive and applies to claims under the FTCA).

In response to the motion to dismiss, Plaintiff filed a handwritten "affidavit of merit." ECF Dkt. #33-1. In the affidavit, Plaintiff states that he never had any obstruction in his nose prior to October 30, 2008, and he provides details regarding his current breathing problems, and attendant anxiety disorder, which he contends are the exact same problems he experienced prior to his surgery. Attached to Plaintiff's affidavit are two documents that contain medical findings regarding

his condition. However, neither document constitutes a sworn statement from an expert attesting to the fact that the standard of care was breached with respect to Plaintiff's surgery.

The first document, a letter provided by Roberto Castellon, M.D., reads in its entirety:

> Joseph Borders was seen in my office as a patient and a deviated nasal septum which is causing nasal obstruction. Nasal obstruction by his description is very uncomfortable and is causing him anxiety.

ECF Dkt. #33-2 at 1.

The second document, which appears to be a medical record provided by Sidhom M. MLP, reads in its entirety:

> CCC anxiety, seen with Dr Lepiane, Patient still c/o of difficulty breathing from the left nostril due to a past hx of nasal fx. and deviated septum, he had surgery in 2010 to fix the septum however it is still deviated, also c/o of left forearm plain 3/10 scale however pain increases with using weight, he was doing pull-ups and pulled a tendon. His anxiety is on and off, no panic attacks, no suicide ideation, eats well, sleeps pretty good, no nightmares, comply with his meds.

ECF Dkt. #33-3 at 1.

Accordingly, the undersigned recommends that the Court find that Ohio Rule of Civil Procedure 10(D)(2) should be applied in this case, and that Plaintiff has failed to fulfill his obligation under the Rule. As a consequence, the undersigned further recommends that the motion to dismiss filed on behalf of the United States should be granted, and Plaintiff's FTCA claim should be dismissed without prejudice.

IT IS SO ORDERED.

DATE: April 27, 2013

　　　　　　　　　　　　　　　　 */s/George J. Limbert*　　　　　　
　　　　　　　　　　　　　　　　GEORGE J. LIMBERT
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).