UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH MATTHEW BORDERS, ) | Case No.  4:11CV1514 |
| ) | |
| Plaintiff, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| HARRY LAPPIN, et al., ) | **Interim Report and Recommendation** |
| ) | |
| Defendants. ) | |

This matter is before the Court upon the Motion to Dismiss or, in the alternative, Motion for Summary Judgment, filed on behalf of Defendant, Elkton Federal Correctional Institution ("FCI-Elkton") Nurse Shelley Kennedy, on August 30, 2012. ECF Dkt. #29. On January 16, 2013, with leave of Court, Plaintiff, Joseph Matthew Borders, acting *pro se*, filed his response and objections to the motion to dismiss. ECF Dkt. #33. Kennedy filed her reply brief on January 29, 2013. ECF Dkt. #34.

The motion seeks dismissal of Plaintiff's Eighth Amendment claim based upon his failure to exhaust administrative remedies, his failure to file this action within the statute of limitations, his failure to demonstrate deliberate indifference to his medical needs, and the fact that Defendant is a Public Health Officer who has absolute immunity from actions filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971). For the reasons that follow, the undersigned recommends that the motion to dismiss should be granted because Plaintiff's sole remedy for Kennedy's alleged conduct is a claim filed pursuant to the Federal Tort Claims Act ("FTCA").

I.      PROCEDURAL HISTORY

Plaintiff filed this action against Kennedy, Harley J. Lappin, Director of the United States Bureau of Prisons ("BOP"), John T. Shartle, Warden of FCI-Elkton, FCI-Elkton Physicians

Assistant Gary Bullock[1], Dr. Richard Goldstein, a surgeon in private practice in Boardman, Ohio, and various John/Jane Does.  ECF Dkt. #1. In the Complaint, Plaintiff asserts a 42 U.S.C. §1983 claim alleging that the defendants were deliberately indifferent to his serious medical needs, specifically his broken nose, in violation of his Eighth Amendment rights.  *Id.* at 3, 6-7. He also asserts an FTCA claim for negligence.[2]

On December 9, 2011, this Court dismissed the Eighth Amendment claims against Lappin and Shartle because the claims were based upon the doctrine of *respondeat superior*, and against Dr. Goldstein because he is a private citizen not subject to a *Bivens*[3] action.  ECF Dkt. #7 at 6. Plaintiff's claim under the FTCA was dismissed without prejudice as premature because Plaintiff had alleged that he filed his administrative tort claim with the BOP but had not alleged that he received an answer to his claim.  *Id.* at 7. However, on January 6, 2012, the Court granted Plaintiff's motion for reconsideration[4] and reinstated Plaintiff's FTCA claim. ECF Dkt. #10.  Furthermore, on August 31, 2012, the Court granted the government's motion to substitute itself in the place and stead of Kennedy with respect to the FTCA claim.  ECF Dkt. #30.

---

[1] On June 8, 2012, Plaintiff filed a "limited amended complaint" for the sole purpose of correcting an error in the original pleading.  ECF Dkt. #22.  According to the limited amended complaint, Plaintiff mistook Gary Bullock for Wayne Flatt when he drafted his original complaint.  In the limited amended complaint, Plaintiff names Gary Bullock as a defendant, and appears to dismiss his claims against Wayne Flatt.  As a consequence, the undersigned, in setting forth the facts alleged in the original complaint, has replaced the allegations against Flatt with allegations against Bullock. It is important to note that the clerks office attempted to serve Bullock at FCI Elkton on May 16, 2013, but service was returned unexecuted, marked "return to sender/unable to forward," on June 7, 2013.  ECF Dkt. #36.

[2] An action may be instituted under the FTCA against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C.A. §2675(a).  The claimant, however, must first present the claim to the appropriate Federal agency and his claim must be finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of the FTCA. 28 U.S.C.A. §2675(a).

[3] *Bivens* provides a cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001).

[4] Plaintiff attached a copy of the BOP's final determination on his administrative tort claim to the motion for reconsideration.

## II. FACTS

Plaintiff and another inmate at FCI-Elkton engaged in a physical altercation on October 29, 2008 sometime after the 9:30 p.m. ECF Dkt. #1 at ¶ 10. The following morning, a corrections counselor noticed Plaintiff's facial injuries and escorted him to a lieutenant's office where photos were taken of the injuries. Plaintiff was then taken to the medical department where he was evaluated by Kennedy and Bullock. Plaintiff informed them that he was in a great deal of pain from his "obvious[ly] 'broken' nose." *Id.* He contends that Kennedy and Bullock "ignor[ed] [his] comments and input about his injuries and pain caused by them," and that the "examination continued without any attention or credibility given to the injuries or the pain they were causing." *Id.*

Shortly after his medical appointment, Plaintiff was escorted to the segregation unit where he remained for the next eighty-nine days. *Id.* at ¶ 13. In that time period, he repeatedly requested medical treatment for his "crooked" nose and persistent pain. *Id.* He indicates that he did not receive any treatment for his injuries.

Plaintiff sought treatment from the medical department upon his release from segregation. Another physician's assistant, who is not a defendant in this case, filed paperwork on his behalf to authorize surgery. The request was initially approved but was rejected at the regional level nearly a year after the request was submitted. Plaintiff states he experienced increased discomfort and difficulty breathing from his obstructed nasal passages. He filed a BP-8 Informal Resolution form again requesting approval for surgery, which was ultimately granted. *Id.* at ¶ 15.

On March 3, 2010, Plaintiff underwent surgery to correct his broken nose. The operation was conducted at a facility in Boardman, Ohio by Dr. Goldstein. Plastic tubes were inserted into Plaintiff's nose and packed with gauze to facilitate breathing during the healing process. *Id.* at ¶ 16. Instead, his nasal passages became more restricted and Plaintiff found it more difficult to breathe. He began to experience panic attacks and he was prescribed an anti-anxiety medication. The medication only made breathing more difficult for him. *Id.* at ¶ 18. Eventually the tubes and gauze were removed. Plaintiff alleges his nose is still disjointed, and his nasal passages are still restricted. *Id.* He contends the surgery was a complete failure.

-3-

### III. STANDARD OF REVIEW

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Court must assume that the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.*, 335 Fed.Appx. 587, 588 (6th Cir.2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 332 Fed.Appx. 232, 236-37 (6th Cir.2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed.Appx. 994, 997 (6th Cir.2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

### IV. ANALYSIS

In *Bivens*, the Supreme Court established a right for victims to recover damages for constitutional violations made by federal officials. 403 U.S. at 390-97. However, the *Bivens* Court carved out two exceptions to this cause of action. *Id.* at 396-97. The exception relevant to this case is that a *Bivens* action may not be maintained when "defendants show that Congress has provided an alternative remedy which it explicitly declared to be a substitute for recovery directly under the Constitution and viewed as equally effective." *Carlson v. Green*, 446 U.S. 14, 18-19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (citing 403 U.S. at 397, 91 S.Ct. 1999; *Davis v. Passman*, 442 U.S. 228, 245-47, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979)).

The Supreme Court has recognized that 42 U.S.C. § 233(a) of the Public Health Service Act grants absolute immunity to Public Health Service officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct. By its terms, § 233(a) limits recovery for such conduct

-4-

to suits against the United States. *Hui v. Castaneda*, 559 U.S. 799,130 S.Ct. 1845 (2010). The Court in *Castaneda* held that "the text of § 233(a) plainly indicates that it precludes a *Bivens* action" against the PHS defendants for claims alleging deliberate indifference to a prisoner's serious medical needs in violation of his Eighth Amendment rights. *Castaneda*, 130 S.Ct. at 1852.

   Here, Kennedy filed a declaration stating that she is a Public Health Service Official and that she was acting within the scope of her duties with respect to any treatment rendered to Petitioner. ECF Dkt. #29-2 at ¶ 5. Likewise, the United States Attorney has certified that Kennedy was acting within the scope of her employment at all time relevant to the complaint in support of the motion to substitute the United States in place of Kennedy with respect to the FTCA claim. ECF Dkt. #30-2. Therefore, the undersigned recommends that Plaintiff can not bring a *Bivens* action against Kennedy, as his sole remedy is a claim against the United States under the FTCA. Furthermore, because this is a jurisdictional issue, the undersigned recommends that the Court may consider the declarations of Kennedy and the United States Attorney without converting this matter to a motion for summary judgment. *Kostyo v. Harvey*, 2010 WL 3522449, at *5, n.2.

   Finally, Plaintiff's official capacity *Bivens* claim against Kennedy should be also dismissed as a matter of law. The doctrine of sovereign immunity bars suits against the United States and suits for pecuniary damages against the officers and agents in their official capacities. See *Blakely v. U.S.*, 276 F.3d 853, 870 (6th Cir.2002); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115–16 (6th Cir.1998); *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir.1990); *Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir.1998). Accordingly, the undersigned recommends that sovereign immunity bars the claims against the federal defendants in their "official capacities" since the claims constitute an action against the United States.

For the forgoing reasons, the undersigned recommends that the Court grant Kennedy's motion to dismiss because she is immune from suit pursuant to § 233(a) of the Public Health Service Act . ECF Dkt. #29.

IT IS SO ORDERED.

DATE: June 27, 2013

                                       ***/s/George J. Limbert***
                                       GEORGE J. LIMBERT
                                       UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).