PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MATTEW BORDERS, | ) | |
| | ) | CASE NO. 1:11cv1514 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| HARLEY J. LAPPIN, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 44] |

On June 27, 2013, Magistrate Judge George J. Limbert issued two Interim Reports ("R&Rs") recommending that the motions to dismiss filed by Defendants United States of America and Nurse Shelley Kennedy (ECF Nos 37; 38) be granted, thereby dismissing *pro se* Plaintiff's Federal Tort Claims Act claim without prejudice and dismissing the action against Nurse Kennedy.[1] Objections were due on July 15, 2013.[2] On July 19, 2013, the Court adopted the R&Rs, no objection having been filed. ECF No. 43. On July 22, 2013, the Court received Plaintiff's objection, dated July 16, 2013. ECF No. 44. Plaintiff's objection is untimely.

**I.**

Nevertheless, the Court has reviewed Plaintiff's objections and finds them to be without merit. Although Plaintiff states that he filed an affidavit of merit, the magistrate judge found,

---

[1] Plaintiff's FTCA claim against the United States has been dismissed without prejudice, ECF Nos. 37 at 38; 43 at 2, leaving Plaintiff free to file a lawsuit on that claim again.

[2] Objections are due 14 days after service of the notice of the Report. *See* Fed. R. Civ. P. 72; L.R. 72.3. Objections in the instant case were due July 11, 2013. *Pro se* plaintiffs are given an additional 3 days, extending the objection date until July 15, 2013. *See* Fed. R. Civ. P. 6(e).

(4:11cv1514)

and the Court agrees, that the documents presented by Plaintiff were not proper affidavits of merit for the purposes of complying with Ohio Rule of Civil Procedure 10(D)(2). *See* ECF No. 37 at 7-8 (describing Plaintiff's handwritten affidavit and two documents containing medical findings that are not "sworn statement[s] from an expert attesting to the fact that the standard of care was breached with respect to Plaintiff's surgery," as required by Ohio law). Moreover, although Plaintiff is correct that the "Sixth Circuit has not addressed whether state rules of procedure apply as substantive law under the FTCA," he does not assert an argument as to why Ohio Rule of Civil Procedure 10(D)(2) should not apply in the instant case. ECF No. 44 at 1.

Regarding his Eighth Amendment claims, Plaintiff objects that "[a]ny public health officer is not immune to lawsuit."[3] ECF No. 44 at 2. However, as the magistrate judge noted, "[t]he Supreme Court has recognized that 42 U.S.C. § 233(a) of the Public Health Service Act grants absolute immunity to Public Health Service officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." ECF No. 38 at 4. Because Nurse Kennedy was a Public Health Service Official and was acting within the scope of her employment, the magistrate judge did not err in finding that Plaintiff's claim against her fails.

## II.

While it is well-settled that although a criminal defendant has a Constitutional right to representation even if the defendant cannot afford counsel, there is no similar right to counsel in

---

[3] Plaintiff's additional assertions do not appear to be objections. *See* ECF No. 44 at 1-2 (explaining he has exhausted his remedies and complied with the statute of limitations).

(4:11cv1514)

civil litigation. Plaintiff has no absolute right to be represented by counsel. *See Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) (the district court did not err in denying plaintiff a court appointed attorney because he had no constitutional right to appointed counsel in a civil case). Although there is no constitutional right to counsel in a civil case, *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003), the district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The record before the Court does not suggest a complexity or any other reason justifying the appointment of counsel. Plaintiff's request for the appointment of counsel (ECF No. 44 at 3) is denied.

### III.

For the reasons stated above, Plaintiff's objections (ECF No. 44) are untimely and overruled for that and other reasons. His request for an appointment of counsel is denied (ECF No. 44). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 July 23, 2013                                        */s/ Benita Y. Pearson*
 Date                                                   Benita Y. Pearson
                                                        United States District Judge

3