UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MATTHEW BORDERS, | ) | Case No. 4:11CV1514 |
| Plaintiff, | ) ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | Magistrate Judge George J. Limbert |
| HARRY LAPPIN, et al., | ) ) | **Amended Report and Recommendation** |
| Defendants. | ) ) | |

This matter is before the Court upon the Motion to Dismiss filed on behalf of Defendant, Gary Bullock on September 10, 2013. ECF Dkt. #47. No opposition brief was filed.

The motion seeks dismissal of the Eighth Amendment claim of Plaintiff, Joseph Matthew Borders, a former[1] inmate at Federal Correctional Institute, Elkton ("FCI Elkton") who is acting *pro se,* based upon his failure to exhaust administrative remedies, his failure to file this action within the statute of limitations, his failure to demonstrate deliberate indifference to his medical needs, and his failure to state a claim upon which relief may be granted. For the reasons that follow, the undersigned recommends that the motion to dismiss should be granted based upon Plaintiff's failure to exhaust administrative remedies.

I. PROCEDURAL HISTORY

Plaintiff filed this action against Bullock[2], Nurse Shelley Kennedy, Harley J. Lappin, Director of the United States Bureau of Prisons ("BOP"), John T. Shartle, Warden of FCI-Elkton,

---

[1] According to the Affidavit of Marisa Davidson, an Attorney at the Federal Detention Center in Philadelphia ("Davidson affidavit"), Plaintiff was released from custody on December 7, 2012. ECF Dkt. #47-3 at p. 1.

[2] On June 8, 2012, Plaintiff filed a "limited amended complaint" for the sole purpose of correcting an error in the original pleading. ECF Dkt. #22. According to the limited amended complaint, Plaintiff mistook Gary Bullock for Wayne Flatt when he drafted his original complaint. In the limited amended complaint, Plaintiff names Gary Bullock as a defendant, and appears to dismiss his claims against Wayne Flatt. As a consequence, the undersigned, in setting forth the facts alleged in the original complaint, has replaced the allegations against Flatt with allegations against Bullock.

FCI-Elkton, Dr. Richard Goldstein, a surgeon in private practice in Boardman, Ohio, and various John/Jane Does. ECF Dkt. #1. In the Complaint, Plaintiff asserts a 42 U.S.C. §1983 claim alleging that the defendants were deliberately indifferent to his serious medical needs, specifically his broken nose, in violation of his Eighth Amendment rights. *Id.* at 3, 6-7. He also asserts an FTCA claim for negligence.[3]

On December 9, 2011, this Court dismissed the Eighth Amendment claims against Lappin and Shartle because the claims were based upon the doctrine of *respondeat superior*, as well as the claims against Dr. Goldstein because he is a private citizen not subject to an action filed pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999 (1971).[4] ECF Dkt. #7 at 6. Plaintiff's claim under the FTCA was dismissed without prejudice as premature because Plaintiff had alleged that he filed his administrative tort claim with the BOP but had not alleged that he received an answer to his claim. *Id.* at 7. However, on January 6, 2012, the Court granted Plaintiff's motion for reconsideration[5] and reinstated Plaintiff's FTCA claim. ECF Dkt. #10. Further, on August 31, 2012, the Court granted the government's motion to substitute itself in the place and stead of Kennedy with respect to the FTCA claim. ECF Dkt. #30. On July 19, 2013, the Court dismissed Plaintiff's FTCA claim without prejudice due to Plaintiff's failure to comply with Ohio Rule of Civil Procedure 10(D)(2), and also dismissed with prejudice Plaintiff's Eighth Amendment claim against Kennedy because she is immune from suit pursuant to the Public Health Service Act. ECF Dkt. #43.

---

[3] An action may be instituted under the FTCA against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. 28 U.S.C.A. §2675(a). The claimant, however, must first present the claim to the appropriate Federal agency and his claim must be finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall be deemed a final denial of the claim for purposes of the FTCA. 28 U.S.C.A. §2675(a).

[4] *Bivens* provides a cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70-74 (2001).

[5] Plaintiff attached a copy of the BOP's final determination on his administrative tort claim to the motion for reconsideration.

II.     FACTS

Plaintiff and another inmate at FCI-Elkton engaged in a physical altercation on October 29, 2008 sometime after 9:30 p.m. ECF Dkt. #1 at ¶ 10. The following morning, a corrections counselor noticed Plaintiff's facial injuries and escorted him to a lieutenant's office where photos were taken of the injuries.  Plaintiff was then taken to the medical department where he was evaluated by Kennedy and Bullock. Plaintiff informed them that he was in a great deal of pain from his "obvious[ly] 'broken' nose." *Id.*  He contends that Kennedy and Bullock "ignor[ed] [his] comments and input about his injuries and pain caused by them," and that the "examination continued without any attention or credibility given to the injuries or the pain they were causing." *Id.*

Shortly after his medical appointment, Plaintiff was escorted to the segregation unit where he remained for the next eighty-nine days. *Id.* at ¶ 13.  In that time period, he repeatedly requested medical treatment for his "crooked" nose and persistent pain.  *Id.*  He indicates that he did not receive any treatment for his injuries.

Plaintiff sought treatment from the medical department upon his release from segregation. Another physician's assistant, who is not a defendant in this case, filed paperwork on his behalf to authorize surgery. The request was initially approved but was rejected at the regional level nearly a year after the request was submitted. Plaintiff states he experienced increased discomfort and difficulty breathing from his obstructed nasal passages. He filed a BP-8 Informal Resolution form requesting approval for surgery, which was ultimately granted. *Id.* at ¶ 15.

On March 3, 2010, Plaintiff underwent surgery to correct his broken nose. The operation was conducted at a facility in Boardman, Ohio by Dr. Goldstein. Plastic tubes were inserted into Plaintiff's nose and packed with gauze to facilitate breathing during the healing process. *Id.* at ¶ 16. Instead, his nasal passages became more restricted and Plaintiff found it more difficult to breathe. He began to experience panic attacks and he was prescribed an anti-anxiety medication. The medication only made breathing more difficult for him.  *Id.* at ¶ 18.  Eventually the tubes and gauze were removed. Plaintiff alleges his nose is still disjointed, and his nasal passages are still restricted. *Id.*  He contends the surgery was a complete failure.

### III. STANDARD OF REVIEW

"Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The Court must assume that the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.*, 335 Fed.Appx. 587, 588 (6th Cir.2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.2008)). In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett*, 332 Fed.Appx. 232, 236-37 (6th Cir.2009) (citing *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir.1997)). "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do .... Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank*, 333 Fed.Appx. 994, 997 (6th Cir.2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007))).

### IV. ANALYSIS

Bullock contends that Plaintiff has failed to exhaust his administrative remedies and that, as a consequence, his *Bivens* claim must be dismissed without prejudice. The Prison Litigation Reform Act ("PLRA") provides, "No action shall be brought with respect to prison conditions under . . .Federal law. . .until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) ("1997(e)"). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). Exhaustion is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) "[N]o unexhausted claim may be considered." *Jones v. Bock*, 549 U.S. 199, 220, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)

A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. See *Porter*, 534

U.S. at 520; *Booth v. Churner*, 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). "This requirement is a strong one. To further the purposes behind the PLRA, exhaustion is required even if the prisoner subjectively believes the remedy is not available, even when the state cannot grant the particular relief requested, and even where the prisoner[ ] believes the procedure to be ineffectual or futile." *Napier v. Laurel County, Ky.*, 636 F.3d 218, 222 (6th Cir.2011) (internal quotations and citations omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90.

"Failure to exhaust is an affirmative defense under the PLRA." *Jones* at 216. Defendants bear the burden of proving the failure of a prisoner to properly exhaust all administrative remedies. *Napier* at 225.

The BOP administrative remedies available to a federal prisoner are set forth in 28 C.F.R. §§542.10 to 542.19. An inmate must first present an issue of concern informally to the staff, and the staff must attempt to informally solve the issue before the inmate submits a Request for Administrative Remedy to the Warden. 28 C.F.R. § 542.13(a). If an inmate is not satisfied with the Warden's response to his request, he may submit an appeal to the appropriate Regional Director. 28 C.F.R. § 542.15(a). A further appeal of the Regional Director's decision may be submitted to the General Counsel. *Id.* Appeal to the General Counsel is the final administrative appeal. *Id.*

According to the Davidson affidavit, although Plaintiff filed an informal grievance[6] challenging his medical treatment following the altercation on October 29, 2008, he did not appeal the resolution of the informal grievance to the Warden, the Regional Director, or the General Counsel. Accordingly, Bullock asserts that the deliberate indifference claim should be dismissed without prejudice.

Plaintiff's informal grievance, to which Davidson refers in her affidavit, reads in pertinent part, "That approval for an operation to correct a facial injury (caused by employee negligence), was

---

[6]It is important to note that Plaintiff filed an administrative tort claim against the United States. ECF Dkt. #1-2 at p. 4. However, even where a tort claim arises our of the same set of operative facts, exhaustion of the tort claim process is not sufficient to properly exhaust a *Bivens* claim. *Lambert v. U.S.*, 198 Fed. Appx. 835, 840 (11th Cir. 2006).

denied when previously approved." ECF Dkt. #1-2 at p. 2. Informal resolution form dated November 6, 2008 ("November 6th grievance"). Not surprisingly, because the November 6th grievance was resolved in Plaintiff's favor, that is, his surgery was approved, he did not appeal the decision.

In her affidavit, Davidson liberally construes the November 6th grievance, in that she relies upon the parenthetical, "caused by employee negligence," to establish the first step of the BOP grievance procedure as it relates to Plaintiff's deliberate indifference claim. It is important to note that the November 6th grievance does not identify Bullock, or Wayne Flatt, whom Plaintiff named in his original complaint. Furthermore, the November 6th grievance is predicated upon the decision to deny Plaintiff's request for surgery, not a failure to provide medical care immediately following the altercation. Accordingly, the undersigned recommends that the Court find that the November 6th grievance did not address the deliberate indifference claim currently before this Court. However, even assuming *arguendo* that the November 6th grievance establishes that Plaintiff undertook the first step of exhausting the administrative remedy with respect to his deliberate indifference claim against Bullock, the undersigned agrees that Plaintiff had a duty pursuant to the BOP grievance procedure to exhaust his claim of "employee negligence" through the remaining three stages of the grievance procedure in order to exhaust his administrative remedies. Insofar as Plaintiff's constitutional claim against Bullock remains unexhausted, the undersigned recommends that his *Bivens* action against Bullock be dismissed without prejudice.

Finally, Plaintiff's official capacity *Bivens* claim against Bullock should be dismissed with prejudice. The doctrine of sovereign immunity bars suits against the United States and suits for pecuniary damages against the officers and agents in their official capacities. See *Blakely v. U.S.*, 276 F.3d 853, 870 (6th Cir.2002); *Ecclesiastical Order of the Ism of Am, Inc. v. Chasin*, 845 F.2d 113, 115–16 (6th Cir.1998); *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir.1990); *Reed v. Reno*, 146 F.3d 392, 397-98 (6th Cir.1998). Accordingly, the undersigned recommends that sovereign immunity bars the claims against Bullock in his "official capacity" since the claim constitutes an action against the United States.

V. CONCLUSION

For the forgoing reasons, the undersigned recommends that the Court dismiss the individual capacity *Bivens* claim against Bullock without prejudice based upon his failure to exhaust administrative remedies, and dismiss the official capacity claim against Bullock with prejudice based upon sovereign immunity. ECF Dkt. #47. Furthermore, having resolved all of Plaintiff's claims, the undersigned recommends that this case be dismissed.

IT IS SO ORDERED.

DATE: November 6, 2013

          */s/George J. Limbert*
          GEORGE J. LIMBERT
          UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).